

# FILED

JUN 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HELEN SCHIRMER, surviving spouse of decedent CARL SCHIRMER, for and on her own behalf and on behalf of the decedent's estate and on behalf of all who may have a statutory right of recovery,<br><br>      Plaintiff-Appellant,<br><br> v.<br><br> AVALON HEALTH CARE, INC., DBA Avalon Care Center Shadow Mountains, a Utah corporation; UNKNOWN PARTIES, named as: John Does I-X, Jane Does I-X, ABC Corporations I-X, and XYZ Partnerships I-X,<br><br>      Defendants-Appellees. | No.   17-16183<br><br> D.C. No. 2:15-cv-01550-GMS<br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted June 12, 2019
San Francisco, California

---

      *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SCHROEDER and M. SMITH, Circuit Judges, and RAKOFF,[**] District Judge.

Plaintiff Helen Schirmer, surviving spouse of Carl Schirmer, appeals the district court's order granting summary judgment for defendant Avalon Health Care, Inc. ("Avalon"). We affirm.

Avalon, headquartered in Utah, is the great grand-parent corporation to Avalon Care Center—Shadow Mountain ("Shadow Mountain"), a nursing home in Scottsdale, Arizona. Plaintiff claims that because Avalon controls Shadow Mountain's budget, Avalon should be liable for the neglect and carelessness that caused Carl's fall and his death.

The district court correctly concluded that Avalon was insufficiently involved in Carl's care to trigger liability under Arizona's Adult Protection Act ("APSA"). APSA protects vulnerable adults from abuse and neglect at the hands of direct caregivers and managers of those caregivers. *See Corbett v. ManorCare of Am., Inc.*, 146 P.3d 1038 (Ariz. Ct. App. 2006) (explaining that APSA liability extends to those who "cause or *permit*" the abuse or neglect) (original emphasis; citation omitted). Plaintiff has not identified an Avalon employee or agent that

---

[**] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

might have provided, supervised, or known about Carl's care. Nor has plaintiff shown corporate mingling that could trigger liability under an alter-ego theory.

For similar reasons, plaintiff's remaining claims for negligence, wrongful death, loss of consortium and punitive damages cannot survive. Liability on each claim depends on Avalon owing Carl a duty of care. *See* A.R.S. § 12-563; *Ferguson v. Cash, Sullivan and Cross Ins. Agency*, 831 P.2d 380, 383 (Ariz. Ct. App. 1991) ("[I]n order to maintain a negligence action there must be a duty or obligation recognized by law.") (citation omitted); *Ontiveros v. Borak*, 136 Ariz. 500, 508 (1983) (explaining that there must be a sufficient relationship between the plaintiff and defendant or third party to trigger such a duty). Since there are no allegations that any Avalon employee or agent even knew about Carl's care, there is no basis to conclude that Avalon formed the requisite care-providing relationship with Carl.

**AFFIRMED.**